IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-581-MOC-DCK

| | |
|---|---|
| BOBBY JO ROSINBAUM, and MORGAN WILLIAM ROBERT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ORDER ) |
| FLOWERS FOODS, INC., and FRANKLIN BAKING CO., LLC, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Transfer Venue" (Document No. 19). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the pending motion.

## BACKGROUND

Plaintiffs Bobby Jo Rosinbaum ("Rosinbaum") and Robert William Morgan, Jr. ("Morgan") (collectively "Plaintiffs") initiated this action with the filing of a "Class And Collective Action Complaint" (Document No. 1) (the "Complaint") on December 1, 2015. The Complaint contends that Franklin Baking Co., LLC ("Franklin") and Flowers Foods, Inc. ("Flowers") (collectively "Defendants") have misclassified "their North Carolina bakery distributor drivers ("Distributors") as "independent contractors." (Document No. 1, p.1). Specifically, the Complaint asserts claims for: violation of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201, *et seq.*; declaratory judgment; violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.*; and violation of the North

Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1. (Document No. 1). Defendants Flowers and Franklin each filed an "Answer And Additional Defenses…" (Document Nos. 13 and 15) on February 8, 2016.

On February 29, 2016, "Defendants' Motion To Transfer Venue" (Document No. 19) and "Memorandum Of Law In Support…" (Document No. 20) were filed. Defendants seek transfer to the United States District Court for the Eastern District of North Carolina, Southern Division ("Eastern District"), pursuant to 28 U.S.C. §1404(a). "Plaintiffs' Memorandum In Opposition To Defendants' Motion To Transfer Venue" (Document No. 36) was filed on March 17, 2016; and "Defendants' Reply…" (Document No. 38) was filed March 28, 2016.

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Regarding a change of venue, 28 U.S.C. § 1404 provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In addition, previous decisions by this Court are instructive.

> Even if venue in a jurisdiction is proper, a court may "for the convenience of parties and witnesses, in the interest of justice," transfer the action to another district where venue is proper. 28 U.S.C. § 1404(a) (2006). This court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer on an "individualized, case-by-case basis" of convenience and fairness to the parties. AC Controls Co. v. Pomeroy Computer Res., Inc., 284 F.Supp.2d 357, 360 (W.D.N.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243 (1988)).

McLeod Addictive Disease Center, Inc. v. Wildata Systems Group, Inc., 3:08-CV-27-GCM 2008 WL 2397614, at *1 (W.D.N.C. June 10, 2008). "The Court emphasizes that the applicable law

2

Case 5:16-cv-00599-FL   Document 39   Filed 06/08/16   Page 2 of 13

contemplates that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary." 3A Composites USA, Inc. v. United Industries, Inc., 5:13cv083-RLV, 2014 WL 1471075, at *1 (W.D.N.C. Apr. 15, 2014).

> When considering a motion to transfer, courts should consider, among other things, eleven factors: 1) the plaintiff's choice of forum, 2) the residence of the parties, 3) access to evidence, 4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses, 5) the possibility of a view by the jury, 6) the enforceability of a judgment, 7) the relative advantages and obstacles to a fair trial, 8) practical issues affecting trial expediency and efficiency, 9) the relative court congestion between the districts, 10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action, and 11) the avoidance of conflict of laws. Id. at 96. The factors are accorded different weights based on the court's discretion. Id.

Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) (citing Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990)); see also, Cohen v. ZL Technologies, Inc., 3:14cv377-FDW-DSC, 2015 WL 93732, at *1-2 (W.D.N.C. Jan. 7, 2015).

## DISCUSSION

### A. Factual Background

Defendants and their subsidiaries and affiliates are in the wholesale bakery business and rely on Distributors to deliver to and stock baked goods in grocery stores, mass retailers, and fast food chains. (Document No. 1, p.1). Plaintiffs challenge Defendants' classification of Distributors as independent contractors, and the denial of the rights, obligations, privileges, and benefits, including overtime compensation, owed to them as employees under state and federal laws. (Document No. 1, p.2).

Plaintiffs filed this Complaint as a class action pursuant to Fed.R.Civ.P. 23. (Document No. 1, p.12). Plaintiffs note that a Rule 23 Class was certified in <u>Rehberg et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Jamestown, LLC</u>, No. 3:12-cv-49-MOC-DSC (W.D.N.C. March 23, 2015), but that defendants in that case have taken the position that the class is limited to distributors operating out of Flowers Baking Co. of Jamestown. (Document No. 1, p.12, n.2). "Plaintiffs bring the instant Complaint to ensure that the Rule 23 Class encompasses all distributors who worked for the Defendants in North Carolina within the applicable time limits." <u>Id.</u>

Plaintiff Rosinbaum is a resident of Pender County, North Carolina, works as a Distributor for Defendant Flowers, and operates out of a distribution center run by Defendant Franklin in Wilmington, North Carolina. (Document No. 1, p.2). Plaintiff Morgan is a resident of New Hanover County, North Carolina, works as a Distributor for Defendant Flowers, and also operates out of a distribution center run by Defendant Franklin in Wilmington, North Carolina. (Document No. 1, p.3).

Defendant Flowers is a Georgia corporation with its principal place of business in Thomasville, Georgia. (Document No. 1, p.3). Defendant Franklin is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. <u>Id.</u>

Plaintiffs contend that "[v]enue is proper in this Court under 28 U.S.C. §§ 1391." (Document No. 1, p.4). However, Plaintiffs do not allege that either Defendant is a resident of the Western District of North Carolina ("Western District"); that a substantial part of the events, omissions, and/or property giving rise to these claims is situated in the Western District; or that there is no district in which this action could otherwise have been brought as provided in 28 U.S.C. 1391. <u>See</u> (Document No. 1); <u>see also</u> 28 U.S.C. § 1391 (b).

**B.      Venue Analysis**

Both sides recognize that the Court must weigh eleven (11) case-specific factors, and that a court's decision on whether to transfer venue under 28 U.S.C. § 1404(a) is largely discretionary. (Document No. 19, p.2; Document No. 36, p.6). The factors to be considered in deciding whether to allow a change of venue are well-established, as set forth in the standard of review above. The undersigned weighs these factors as set forth below.

   1.  **Plaintiffs' initial choice of forum**

In most cases, the plaintiff's choice of forum should be given significant weight, and should not be disturbed unless the balance is strongly in favor of transfer. Celgard, LLC v. LG Chem, Ltd., 3:14-cv-043-MOC-DCK, 2015 WL 2412467, at *6 (W.D.N.C. May 21, 2015) (citing Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)). However, "that weight is diminished when the conduct giving rise to the complaint did not occur in the forum." Id. at *8 (citing Hames v. Morton Salt, Inc., 3:11-cv-570–MOC–DSC, 2012 WL 1247201, at *2 (W.D.N.C. Apr.13, 2012)).

Defendants first argue that "the Court owes no deference to Plaintiffs' choice of forum because their claims have no substantial relationship with this District." (Document No. 20, p.9). Defendants note that there are no factual allegations linking this matter to the Western District, or establishing the propriety of venue here. Id. In addition, Defendants contend that "numerous courts have held that a plaintiff's choice of forum is afforded even less deference when, as here, he or she seeks to represent a group of individuals in a putative class or collective action." (Document No. 20, pp.11-12) (citations omitted).

In response, Plaintiffs state that they chose this forum because it is more efficient to litigate this case in the District where Rehberg et al. v. Flowers Foods, Inc. and Flowers Baking Co. of Jamestown, LLC, No. 3:12-cv-49-MOC-DSC ("Rehberg") is pending. (Document No. 36 p.10).

5

Plaintiffs contend that because they have chosen a forum in which a related action is pending, their choice "should be given substantial deference." Id.

Although Plaintiffs' brief cites this Court's decision in Celgard, Plaintiffs appear to ignore the holding that the weight given a plaintiff's choice of forum is diminished if the conduct giving rise to the complaint did not occur there. Id. See also Celgard, 2015 WL 2412467, at *6. Plaintiffs do not allege that any of the conduct giving rise to their Complaint occurred in the Western District. Id. In contrast, Defendants make a compelling argument that the only district with a substantial relationship to the claims in this case is the Eastern District. (Document No. 20; Document No. 38, p.3).

Under these circumstances, Plaintiffs' choice of forum is entitled to less weight than might generally be accorded a plaintiff's choice of forum. The undersigned weighs this factor as neutral.

**2**. **Residence of the parties**

It is undisputed that Plaintiffs both reside in the Eastern District, and that Defendant Franklin's principal place of business is in the Eastern District. (Document No. 20, p.12; Document No. 36, p.11). However, Plaintiffs suggest that this factor should be given less weight because the parties and/or witnesses would only be required to travel "to a nearby or adjacent district." (Document No. 36, p.11) (quoting Kyle v. McDougall, 2014 WL 4728816, at *6 (E.D.N.C. Sept. 23, 2014) ("this case involves transfer of venue to a district and division directly adjacent to this district, further minimizing convenience as a factor in the venue analysis").

In reply, Defendants correctly note that the Western District and the Eastern District are not adjacent, they are separated by the Middle District of North Carolina. (Document No. 38, p.6). Moreover, the locations at issue are unlikely to be considered "nearby." Id. Travel between

Charlotte, and locations in the Eastern District such as Wilmington and Goldsboro, is not convenient and would likely place a significant burden on participants in this lawsuit.

The undersigned weighs this factor in favor of transfer.

### 3. **Access to evidence**

Defendants argue that evidence relevant to this case, including documents, physical evidence, corporate witnesses, and third party witnesses, is located in the Eastern District. (Document No. 20, pp.12-13).

Plaintiffs acknowledge that some sources of proof are located in the Eastern District, but assert that many documents will come from Defendant Flowers, headquartered in Georgia. (Document No. 36, p.12). Plaintiffs go on to recognize that because documents are available electronically, the location of relevant documents is of minimal concern. Id. In addition, Plaintiffs argue that many of Flowers' witnesses will be required to travel from other parts of the country, and that counsel "is more than able to travel the relatively short distance to the Eastern District to depose employees of Franklin." (Document No. 36, pp.12-13).

Defendants reply brief observes that Plaintiffs have not identified a single document or other piece of evidence located in the Western District, but have conceded substantial documentary evidence exists in the Eastern District. (Document No. 38, p.7).

The undersigned finds Defendants' arguments persuasive. This factor is weighed in favor of transfer.

### 4. **Availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses**

Defendants argue that this is a "key" factor that heavily favors transfer. (Document No. 20, pp.13-14) (citing M-Tek Kiosk, Inc. v. Gosnell, 2015 WL 5796830, at *8 (W.D.N.C. Oct. 2, 2015). Defendants contend that "Plaintiffs, Franklin decision makers, and other Franklin witnesses

7

(including close to 30 current members of management) reside for the most part in the Eastern District." (Document No. 20, p.13).

The undersigned observes that like this case, the Court in M-Tek found that the Complaint did not assert any underlying events occurred in the Western District, and found that most witnesses, including non-party witnesses, were more likely to be found in the district proposed for transfer. M-Tek, 2015 WL 5796830, at *2, *8. In M-Tek, the Court found analysis of the relevant factors favored transfer to the Middle District of North Carolina, even though it is an adjacent district. Id.

Plaintiffs argue that in order for this factor to carry weight, Defendants must generally identify a witness outside the Court's subpoena power who would be unwilling to submit to a deposition or travel for a deposition. (Document No. 36, p.14) (citing Celgard, 2015 WL 2412467, at *10). Plaintiffs further argue, without identifying, that there are likely to be witnesses in this case found around the country. Id. Finally, Plaintiffs express their counsel's willingness to travel to witnesses unable to appear in the Western District. Id.

In reply, Defendants also cite the Celgard decision:

> "[t]he convenience of witnesses, particularly nonparty witnesses important to the resolution of the case, is **often cited as the most significant factor in ruling on a motion to transfer** ... One strong argument against transfer is that the original forum will be the most convenient for the witnesses. And **when transfer will better serve the convenience of the witnesses, the motion under Section 1404(a) is more likely to be granted**." 15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3851 (4th ed.)

(Document No. 38, p.10) (quoting Celgard, 2015 WL 2412467, at *10) (emphasis added) (citations omitted). Defendants argue that potential in-state fact witnesses include the named Plaintiffs, potential opt-in plaintiffs, non-party distributor witnesses, Franklin employees, and other third parties – all located in the Eastern District. (Document No. 38, p.11). Defendants contend that

8

most witnesses would be required to travel 200-300 miles for a trial or other appearances in the Western District. Id. "Given that the parties anticipate any trial in this matter will take approximately 21 days, this burden is likely to impact a significant number of witnesses." Id. (citing Document No. 21, p.8).

In addition, Defendants' reply brief identifies five (5) potential non-party witnesses, and attaches a declaration from each. (Document No. 38, pp.12-13), see also (Document Nos. 38-2 – 38-6). In short, these potential witnesses all describe the significant inconvenience they will likely face if this matter proceeds in the Western District. Id.

Plaintiffs do not identify *any* witnesses, or evidence, located in the Western District. (Document No. 36, pp.12-14).

Based on the information before the Court, the undersigned is convinced that transfer will better serve the convenience of the likely witnesses in this case. As such, this key factor weighs in favor of transfer.

5. **Possibility of a view by the jury**

The parties agree that in the event of a trial, it is unlikely a jury would need to view Franklin's bakeries or distribution centers, or any customer facilities. (Document No. 20, p.14; Document No. 36, p.15). However, Defendant argues that the Franklin bakery is more than 200 miles from Charlotte, and even though a view is unlikely, this factor still favors transfer. (Document No. 20, p.14) (citing Zurich American Ins. Co. v. ACE American Ins. Co., 3:10-cv-101-RJC-DCK, 2010 WL 5014512, at *5 (W.D.N.C. Dec. 3, 2010) and 3A Composites USA, Inc. v. United Indus., Inc., 5:13-cv-083, 2013 WL 5536937, at *7 (W.D.N.C. Oct. 4, 2013)).

The undersigned is persuaded this factor slightly favors transfer.

6. **Enforceability of a judgment**

The undersigned cannot foresee, and the parties have not identified, any concerns about the enforcement of a judgment. This factor is weighed as neutral.

7. **Relative advantages and obstacles to a fair trial**

The undersigned does not foresee, and the parties do not suggest, that there are any clear advantages or obstacles to a fair trial in either district. The parties should obtain a fair trial in either North Carolina court. As such, the undersigned finds this factor is neutral.

8. **Practical issues affecting trial expediency and efficiency**

"Trials are never easy, expeditious, or inexpensive." Century Furniture, LLC v. C & C Imports, Inc., 1:07cv179-DLH, 2007 WL 2712955, at * 5 (W.D.N.C. Sept. 14, 2007). Whatever this Court decides, there will be some travel and inconvenience.

Defendants contend that the expense, inconvenience, and logistical challenges associated with transporting witnesses from the Eastern District to the Western District, in the event of a trial or hearing, favor transfer. (Document No. 20, p.15).

Plaintiffs contend that judicial economy is encompassed by this factor and that it is decisive in this case. (Document No. 36, p.7). Specifically, Plaintiffs assert that this factor weighs strongly against transfer because Judge Cogburn is "intimately familiar with the facts underlying the relationship between Distributors, Flowers, and Flowers subsidiaries." (Document No. 36, p.8). Plaintiffs contend that Judge Cogburn's familiarity is a key factor in the judicial economy analysis. Id. (citing Rehberg; and Kyle, 2014 WL 4728816, at *6). Plaintiffs also contend that keeping this matter before Judge Cogburn will avoid inconsistent judgments. (Document No. 36, p.9).

In reply, Defendants argue that where parties fail to show that consolidation is "reasonably likely," this factor does not weigh in favor of transfer. (Document No. 38, p.15) (citations omitted). Defendants note that Plaintiffs have not moved to consolidate this case with Rehberg, and do not

deny that consolidation would be improper based on the vastly different procedural posture of the case.  Id.  Moreover, Defendants contend that key issues turn on the unique factual record of each case, and that evidence regarding Jamestown and its distributors will be irrelevant to analysis of the instant case.  Id.

Defendants effectively distinguish much of Plaintiffs' supporting authority, and note a recent decision rejecting venue before this Court, even though a similar action was also pending here.  (Document No. 38, p.16) (citing Haberman v. Merrill Lynch, 3:14-cv553-FDW, 2014 WL 5489347 (W.D.N.C. Oct. 30, 2014) ("Chief Judge Whitney held that the existence of a similar case in the Western District did not preclude transfer where 'none of the relevant factors to be considered under §1404(a) lead to a reasonable conclusion that the action should proceed in this district.'").

While Plaintiffs make a valid point that Judge Cogburn's familiarity with many of the issues in this case might support a finding of greater judicial economy if this Court keeps this matter, they do not argue that the issues are so complex that our distinguished and capable colleagues in the Eastern District would have any difficulty getting up to speed.

The undersigned further notes that this factor also requires the Court to consider expense and convenience.  As addressed above, the location of the bulk of the evidence, witnesses, and the underlying events in the Eastern District, suggest that there will be less expense and inconvenience if this matter is transferred to the Eastern District.

The undersigned will weigh this factor as slightly favoring transfer.

**9**.  **Relative court congestion between the districts**

Defendants note that while more civil cases have been filed and are pending in the Eastern District, the median time to disposition is still shorter there than in the Western District.

(Document No. 20, p.15) (citing Document No. 19-5).  Plaintiffs note that the Eastern District has 490 civil cases per judge and the Western District has 217 civil cases per judge.  (Document No. 36, p.16) (citing Document No. 19-5).  Plaintiffs also note that 3.9 percent of civil cases are over three years old in this district, while 16.3 percent of civil cases in the Eastern District are over three years old.  Id.

This factor weighs against transfer.

**10**.  **The interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action**

Defendants argue that this factor strongly favors transfer since the Eastern District is where the primary parties are located, the alleged underlying actions occurred, and where the majority of the in-state evidence lies.  (Document No. 20, p.16).  Plaintiffs assert that this factor is neutral because both districts have an interest in resolution of this case.  (Document No. 36, p.16).

The undersigned finds this factor favors transfer.

**11**.  **Avoidance of conflict of laws**

The parties agree that there is no choice of law issue, and that this factor should be weighed as neutral.  The undersigned agrees.

\*       \*       \*       \*

Based on the foregoing, and in accordance with the teachings of Jim Crockett Promotions, Inc. v. Action Media Group, Inc., the undersigned has conducted a quantitative and qualitative analysis of the foregoing factors, and finds that a change of venue is appropriate in this case.  See Century Furniture, LLC, 1:07cv179-DLH, 2007 WL 2712955, at \*6 (W.D.N.C. Sept. 14, 2007).  In short, Defendants have shown that the factors discussed above favor transfer.  Most importantly, the convenience of potential witnesses and the location of evidence favor transfer.  The only real

12

connection Plaintiffs make to this district is that Judge Cogburn is familiar with a similar case. Judge Cogburn's familiarity with the issues, and the possibility that the Eastern District's docket is slightly more congested, are not sufficient reasons to keep this case here while other factors favor transfer.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Transfer Venue" (Document No. 19) is **GRANTED**. This matter shall be immediately transferred to the United States District Court for the Eastern District of North Carolina, Southern Division.

**SO ORDERED**.

Signed: June 8, 2016

David C. Keesler
United States Magistrate Judge